## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

THE INTERCEPT MEDIA, INC.,
15 W 38th St, Unit 636
New York, NY 10018-5501,

*Plaintiff*,

vs.

U.S. DEPARTMENT OF HOMELAND
SECURITY
2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528-0485,

IMMIGRATION AND CUSTOMS
ENFORCEMENT
500 12th Street SW, Stop 5900
Washington, DC 20536-5900,

U.S. CUSTOMS AND BORDER
PROTECTION
1300 Pennsylvania Avenue,
Washington, D.C. 20229,

*Defendants*.

Case No. 26-

---

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff The Intercept Media, Inc. ("The Intercept") brings this action against Defendants U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(e), as Plaintiff is located in the State of New York, maintains headquarters within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**Parties**

3. Plaintiff The Intercept is an award-winning national online news organization that covers politics, immigration, national security, and law enforcement issues in the United States. The Intercept aspires to drive meaningful change by empowering the public with information to demand a better world from institutions and leaders.

4. Defendant DHS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DHS has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant ICE is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. ICE has possession, custody, and control of records to which Plaintiff seeks access.

6. Defendant CBP is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. CBP has possession, custody, and control of records to which Plaintiff seeks access.

**Facts**

7. Sweeping immigration enforcement actions performed by DHS, and its component agencies, including ICE and CBP, in recent months have led to a countermovement of civilians

protesting and recording immigration enforcement actions in cities and towns across the United States. Public reporting and social media posts have suggested increasing surveillance of such protestors by DHS and its component agencies during and following these encounters.

8.     A video posted to X (formerly known as Twitter) on January 23, 2026, depicts federal agents recording a protester, saying that they were recording her "because we have a nice little database, and now you're considered a domestic terrorist."[1]

9.     In a court hearing regarding immigration enforcement actions in Minnesota, attorneys for the state of Minnesota reportedly included an exhibit of a recording of a federal agent saying, "'Well, this person is gonna have a hard time traveling from now on' after taking a photo of an ICE observer's license plate."[2]

10.     CNN has reported that "[a] memo sent [in January] to agents temporarily assigned to the city asked them to 'capture all images, license plates, identifications, and general information on hotels, agitators, protestors, etc., so we can capture it all in one consolidated form."[3]

11.     In a second court case, a civilian observing ICE submitted a declaration stating that her TSA PreCheck and Global Entry were revoked three days after an encounter with immigration enforcement officials.[4] Additionally, at least one prominent supporter of transgender rights has reportedly had her Global Entry and U.S. passport cancelled in the past few months.[5]

12.     These public reports indicate that records responsive to Plaintiff's FOIA requests

---

[1]     *See* Brian Allen (@allenanalysis), X (Jan. 23, 2026, 10:46 AM), https://x.com/allenanalysis/status/2014726554622816585.
[2] *See* Mueller, She Wrote (@muellershewrote.com), Bluesky (Jan. 26, 2026, 10:25 AM), https://perma.cc/MTR5-HTRK.
[3] *See* Jeff Winter & Priscilla Alvarez, *Alex Pretti broke rib in confrontation with federal agents a week before death, sources say*, CNN (updated Jan. 27, 2026), https://perma.cc/J95X-R2DW.
[4] *See* Decl. of Nicole Cleland (Hereinafter "Cleland Decl.") at 3, *Tincher v. Noem*, 0:25-cv-04669, (D. Minn. Jan. 21, 2026), ECF No. 98, available at: https://perma.cc/LLP4-SNXE.
[5] *See* Suzanne Blake, *Woman Says Identity 'Wiped' From Passport System, Got 'Unusual' Message*, Newsweek (last updated Jan. 13, 2026), https://perma.cc/QXZ8-RTDE.

3

(described in further detail below) exist and that their disclosure would further important public interests. To shed light on the federal government's actions that may impact the travel and privacy rights of civilian protestors, Plaintiff filed several FOIA requests:

*Protestor Database & Surveillance Policies*

13.     On February 23, 2026, Plaintiff sent a FOIA request to ICE and CBP seeking the following:

(1) All records reflecting policies, memoranda, directives, field guides, training materials, standard operating procedures, or emailed instructions regarding the creation of a database or adding new entries to a database of people protesting, recording, or otherwise present near DHS immigration enforcement actions, including those deemed to be engaged in potential obstruction, "agitators," or "domestic terrorists."

(2) All records reflecting policies, memoranda, directives, field guides, training materials, standard operating procedures, or emailed instructions regarding collecting information about people protesting, recording, or otherwise present near DHS immigration enforcement actions, including those deemed to be engaged in potential obstruction, "agitators," or "domestic terrorists." Responsive records should include, at a minimum, a copy of the memorandum sent by a DHS official in Minneapolis to ICE officers assigned to Minnesota in January 2026.[6]

(3) All records reflecting policies, memoranda, directives, field guides, training materials, standard operating procedures, or emailed instructions regarding how the photos and videos that DHS immigration enforcement officers take of people protesting, recording, or otherwise present near DHS immigration enforcement actions, including those deemed to be engaged in potential obstruction, "agitators," or "domestic terrorists," will be stored.

(4) A copy of the template form titled "intel collection non-arrests," or something similar.[7]

14.     The request sought records from January 20, 2025, until the date of the search.

15.     ICE assigned the request tracking number 2026-ICFO-18256.

---

[6] The Intercept's FOIA request cited Winter & Alvarez, *supra* note 3.
[7] Here too, The Intercept's FOIA request cited Winter & Alvarez, *supra* note 3.

16.    On February 24, 2026, CBP sent Plaintiff a letter acknowledging this request and assigning it tracking number CBP-FO-2026-065579. CBP's letter further stated that it had transferred the request to ICE for processing and direct response to Plaintiff and that "[t]his completes the CBP response to your request."

17.    On March 4, 2026, Plaintiff appealed CBP's closure on the grounds that CBP's automatic referral—which occurred within one business day after Plaintiff submitted this FOIA request—contravened CBP's obligation under FOIA to conduct a good faith search reasonably calculated to uncover all relevant documents. Exhibit A.

18.    CBP assigned Plaintiff's appeal tracking number CBP-AP-2026-005527.

19.    Plaintiff has received no further communication from ICE or CBP regarding this FOIA request.

*Mobile Fortify Policies, Directives, Records*

20.    On February 23, 2026, Plaintiff sent a FOIA request to ICE and CBP seeking the following:

> (1) All records reflecting policies, directives, field guides, training materials, standard operating procedures, or emailed instructions related to the use of the Mobile Fortify application, including but not limited to policies regarding handling of refusal by individuals to be scanned with the application.

> (2) All records reflecting policies, directives, field guides, training materials, standard operating procedures, or emailed instructions related to the use of the Customs and Border Patrol's ("CBP") Traveler Verification Service for your agency's immigration enforcement and removal operations.

> (3) All records reflecting policies, directives, field guides, training materials, standard operating procedures, or emailed instructions related to the use of CBP's Unified Passenger Login System for your agency's immigration enforcement and removal operations.

(4) All records reflecting policies, directives, field guides, training materials, standard operating procedures, or emailed instructions regarding how photos that immigration agents take with the Mobile Fortify application will be stored.

(5) All records, logs, or aggregated data regarding the capture of biometric data of U.S. citizens, including but not limited to data on the number of searches of U.S. citizens run on Mobile Fortify.

(6) Any and all privacy assessments conducted regarding the use of Mobile Fortify on U.S. Citizens.

21. The request sought records from January 20, 2025, until the date of the search.

22. ICE assigned the request tracking number 2026-ICFO-18263.

23. On February 24, 2025, CBP acknowledged this request and assigned it tracking number CBP-FO-2026-065598. CBP informed Plaintiff that "it may take 6-9 months to receive a response to [this] FOIA request."

24. Plaintiff has received no further communication from ICE or CBP regarding this FOIA request.

*CBP Protestor Database & Surveillance Communications*

25. On February 23, 2026, Plaintiff sent a FOIA request to CBP seeking the following:

All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages or messages on applications such as Signal or Whatsapp, messages on messaging platforms such as Slack or Microsoft Teams, and direct messages on social media platforms such as Truth Social or X **sent** by the individuals listed below (A) containing any of the below key terms (B):

    A. <u>Officials:</u>
      a. Commissioner Rodney Scott
      b. Former Acting Commissioner Pete Flores
      c. Anyone serving in the capacity of Deputy Commissioner, including John Modlin
      d. Anyone serving in the capacity of Chief of United States Border Patrol, including Michael Banks
      e. Anyone serving in the capacity of Acting Executive

               Assistant Commissioner of Field Operations, including Diane Sabatino

    f.  Anyone serving in the capacity of Assistant Commissioner for Intelligence, including Ronald J. Ocker[8]

    B.  <u>Key terms:</u>
      a.  Database
      b.  Databases
      c.  Watchlist
      d.  "Domestic terrorist"
      e.  "Domestic act of terrorism"
      f.  "Domestic terrorism"
      g.  Agitator
      h.  PreCheck
      i.  "Pre check"
      j.  Pre-check
      k.  "Global Entry"
      l.  "First Amendment"
      m.  "1st Amendment"
      n.  "Mobile Fortify"
      o.  NEC
      p.  ImmigrationOS
      q.  Palantir
      r.  Elite
      s.  "Enhanced Leads Identification"
      t.  "Targeting for Enforcement"
      u.  "Facial recognition"
      v.  Antifa
      w.  "Aggressive protestor"
      x.  Bluekey[9]
      y.  Grapevine
      z.  Hummingbird
      aa.  Reaper
      bb.  Sandcastle
      cc.  Sienna
      dd.  Slipstream
      ee.  Sparta

26.    The request sought records from January 20, 2025, until the date of the search.

---

[8] The Intercept's FOIA request specified that Plaintiff is only requesting non-classified systems communications.

[9] The Intercept's FOIA request explained terms *x* through *ee* refer to reported nicknames or code names of watchlists, databases, or other tracking documents used by DHS, its components, and the Federal Bureau of Investigations. *See* Ken Klippenstein, *Exclusive: ICE's Secret Watchlists of Americans*, Substack (Jan. 28, 2026), https://perma.cc/XK32-N6KN.

27.    The request also specified that CBP's search for responsive records must include both official and personal devices and applications such as Signal, iMessage, and WhatsApp.[10]

28.    On February 24, 2026, CBP acknowledged this request and assigned it tracking number CBP-FO-2026-065578. CBP also informed Plaintiff that because of "unusual circumstances," specifically the need for consultation with multiple components within CBP or another agency, CBP was invoking a 10-day extension for this request, as permitted by FOIA.

29.    Plaintiff has received no subsequent communication from CBP regarding this FOIA request.

*ICE Protestor Database & Surveillance Communications*

30.    On February 23, 2026, Plaintiff sent a FOIA request to ICE seeking the following:

> All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages or messages on applications such as Signal or Whatsapp, messages on messaging platforms such as Slack or Microsoft Teams, and direct messages on social media platforms such as Truth Social or X **sent** by the individuals listed below (A) containing any of the below key terms (B):

> A.   Officials:

> **ICE**
> a.   Anyone serving in the capacity of Acting Director, including Caleb Vitello and Todd Lyons
> b.   Anyone serving in the capacity of Deputy Director, including Madison Sheahan and Charles Wall
> c.   Anyone serving in the capacity of Chief of Staff, including Jon Feere and Jason Killmeyer
> d.   Anyone serving in the capacity of Senior Advisor, including Jon Feere
> e.   Anyone serving in the capacity of Executive Associate Director for Enforcement and Removal Operations or

---

[10] The Intercept's FOIA request explained that reporting has indicated that government officials may be using personal devices to conduct government business, and that they are also using non-government messaging applications such as Signal, and cited Jeffrey Goldberg, *The Trump Administration Accidentally Texted Me Its War Plans*, Atlantic (Mar. 24, 2025), https://perma.cc/4AQQ-FRMW, and Steve Witkoff (@SteveWitkoff), X (Mar. 26, 2025, at 9:20 ET), https://perma.cc/8QBC-MJ8T.

8

Acting Executive Associate Director for Enforcement and Removal Operations ("ERO"), including Kenneth Genalo and Marcos Charles

f.  Anyone serving in the capacity of Deputy Assistant Director of Field Operations, including Matthew Elliston

g.  Anyone serving in the capacity of Deputy Associate Director for ERO or Acting Deputy Associate Director for ERO, including Mellissa Harper

h.  Anyone serving in the capacity of Assistant Director for ERO Field Operations, including Tom Giles

i.  Anyone serving in the capacity of Assistant Field Office Director for Enforcement and Removal Operations, including Carlos Cisneros

B.  <u>Key terms:</u>
   a.  Database
   b.  Databases
   c.  Watchlist
   d.  "Domestic terrorist"
   e.  "Domestic act of terrorism"
   f.  "Domestic terrorism"
   g.  Agitator
   h.  PreCheck
   i.  "Pre check"
   j.  Pre-check
   k.  "Global Entry"
   l.  "First Amendment"
   m.  "1st Amendment"
   n.  "Mobile Fortify"
   o.  NEC
   p.  ImmigrationOS
   q.  Palantir
   r.  Elite
   s.  "Enhanced Leads Identification"
   t.  "Targeting for Enforcement"
   u.  "Facial recognition"
   v.  Antifa
   w.  "Aggressive protestor"
   x.  Bluekey[11]
   y.  Grapevine
   z.  Hummingbird
   aa. Reaper
   bb. Sandcastle

---

[11] The Intercept's FOIA request explained terms *x* through *ee* refer to reported nicknames or code names of watchlists, databases, or other tracking documents used by DHS, its components, and the Federal Bureau of Investigations. *See* Klippenstein, *Exclusive: ICE's Secret Watchlists of Americans*, *supra* note 10.

cc. Sienna

dd. Slipstream

ee. Sparta

31.    The request sought records from January 20, 2025, until the date of the search.

32.    The request also specified that ICE's search for responsive records must include both official and personal devices and applications such as Signal, iMessage, and WhatsApp.[12]

33.    ICE assigned the request tracking number 2026-ICFO-18255.

34.    Plaintiff has received no further communication from ICE regarding this FOIA request.

*TSA PreCheck, Global Entry, Passport Policies for Protestors*

35.    On February 23, 2026, Plaintiff sent a FOIA request to ICE and CBP seeking the following:

(1) All records reflecting policies, directives, field guides, training materials, standard operating procedures, or emailed instructions regarding revoking TSA PreCheck or Global Entry from people protesting, recording, or otherwise present near DHS immigration enforcement actions, including those deemed to be engaged in potential obstruction, "agitators," or "domestic terrorists."

(2) All records reflecting policies, directives, field guides, training materials, standard operating procedures, or emailed instructions regarding cancelling passports or removing from the U.S. passport system people protesting, recording, or otherwise present near DHS immigration enforcement actions, including those deemed to be engaged in potential obstruction, "agitators," or "domestic terrorists."

(3) All records reflecting policies, directives, field guides, training materials, standard operating procedures, or emailed instructions regarding flagging U.S. passport holders as "agitators."

36.    The request sought records from January 20, 2025, until the date of the search.

---

[12] The Intercept's FOIA request explained that reporting has indicated that government officials may be using personal devices to conduct government business, and that they are also using non-government messaging applications such as Signal, and cited Goldberg, *The Trump Administration Accidentally Texted Me*, *supra* note 10, and Witkoff, *supra* note 10.

37.     ICE assigned the request tracking number 2026-ICFO-18257.

38.     On February 24, 2026, CBP acknowledged this request and assigned it tracking number CBP-FO-2026-065590. CBP further informed Plaintiff that it was combining this request with Plaintiff's other request CBP-FO-2026-065578 (described above in *CBP Protestor Database & Surveillance Communications*), on the grounds that any records responsive to request CBP-FO-2026-065590, "should they exist within CBP would have been discussed, transmitted, or shared via email by the CBP leadership named in [Plaintiff's] other FOIA request CBP-FO-2026-065578." CBP, accordingly, closed this request as a duplicate of CBP-FO-2026-065578.

39.     On June 22, 2026, ICE informed Plaintiff that it had referred the request to CBP for processing and direct response to Plaintiff.

40.     Plaintiff has received no further communication from ICE or CBP regarding this FOIA request.

### *Exhaustion of Administrative Remedies*

41.     As of the date of this Complaint, Defendants have failed to notify Plaintiff of determinations regarding the FOIA requests and appeal described herein. Through Defendants' failure to respond within the time limits required by law, Plaintiff has constructively exhausted administrative remedies on these requests. 5 U.S.C. § 552(a)(6)(C)(i).

### **CLAIM FOR RELIEF**
### **Count 1 (Violation of FOIA, 5 U.S.C. § 552)**

1.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

2.     By failing to respond to Plaintiff's requests with determinations within the statutorily mandated time period, Defendants have violated their duties under 5 U.S.C. § 552, including but not limited to, their duties to conduct a reasonable search for responsive records, to

take reasonable steps to release all nonexempt information, and to not withhold non-exempt portions of responsive records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1.  Order Defendants to conduct adequate searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;

2.  Order Defendants to produce any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.  Enjoin Defendants from continuing to withhold any and all non-exempt responsive records;

4.  Award Plaintiff's its costs, attorneys' fees, and other disbursements for this action; and

5.  Grant any other relief this Court deems appropriate.

Dated: June 24, 2026

Respectfully submitted,

/s/ *Amy C. Vickery*

Amy C. Vickery
(S.D.N.Y. Bar. No. 5942271)
Daniel A. McGrath
(S.D.N.Y. Bar No. 5541198)
Ronald A. Fein
(D.C. Bar No. 90026641)*
Robin F. Thurston
(D.C. Bar No. 7268942)*

Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
avickery@democracyforward.org
dmcgrath@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiff*

*\*S.D.N.Y. pro hac vice forthcoming*

13